IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 JUL 13 A 10: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2:10-CV-594 |
| v. ) | |
| ) | |
| BECKY MOSES and ) | |
| WILLIAM R. MOSES ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, by undersigned counsel, alleges as follows:

1. The United States of America brings this action to reduce to judgment unpaid federal tax liabilities of defendants Becky Moses and William R. Moses.

2. This action is authorized by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4. This Court is a proper venue for adjudicating this civil action pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendants reside in the Middle District of Alabama in Prattville, Alabama, in Autauga County.

5. This action is timely pursuant to 26 U.S.C. § 6502, which provides generally that taxes may be collected up to ten years after assessment, and §§ 6503 and 6331(k), which toll the ten-year collections limitation for periods during which there is a pending offer in compromise.

Defendants had a pending offer in compromise with the IRS from July 9, 1999 through August 7, 2001 for the tax years 1992, 1993, and 1994. This offer tolled the limitations period for assessments made on August 9, 1999 and described below beyond the date of this complaint.[1] The remainder of the assessments that the United States seeks to foreclose are within the normal ten-year limit.

### Count I - To Reduce Tax Assessments to Judgment

6. Defendants filed joint income tax returns for the 1992, 1993, 1994, and 1999 tax years. The tax returns for 1992, 1993, and 1994 were filed after the tax returns were due.

7. A delegate of the Secretary of the Treasury assessed the income tax liability reported on defendants' tax returns, along with related penalties and interest, against defendants in accordance with the following table:

| Tax Period Ending | Assessment Date | Tax | Interest | Penalty |
|---|---|---|---|---|
| Dec. 31, 1992 | August 9, 1999 | 7,378.00 | 6,155.90 | 1,844.50* |
| | | | | 1,660.05** |
| | | | | 67.00*** |
| Dec. 31, 1993 | August 9, 1999 | 14,501.00 | 10,061.32 | 3,528.25* |
| | | | | 3,262.72** |

---

[1] Normally, the statute would suspend the limitations period from July 9, 1999, until the IRS rejected defendants' offer on August 7, 2001; however, because the suspension provision became effective while the defendants' offer was pending and later the Community Renewal Tax Relief Act of 2000 removed the suspension provision, defendants' suspension period began January 1, 2000 and ended on December 21, 2000, inclusive of the beginning and ending dates. *See United States v. Ryals*, 480 F.3d 1101, 1105-06 (11th Cir. 2007); *see also Staso v. United States*, 538 F. Supp. 2d 1335, 1346-48 (D. Kan. 2008). This extends the limitations date for the August 9, 1999 assessments 355 days from August 9, 2009 to July 30, 2010.

|  |  |  |  | 329.88*** |
|---|---|---|---|---|
|  | Sept. 26, 2005 |  |  | 97.00* |
| Dec. 31, 1994 | August 9, 1999 | 29,214.75 | 15,692.81 | 7,245.50* |
|  |  |  |  | 6,573.32** |
|  |  |  |  | 807.92*** |
|  | Sept. 26, 2005 |  |  | 58.18* |
| Dec. 31, 1999 | Nov. 20. 2000 | 32,230.00 | 1,406.34 | 972.20* |
|  |  |  |  | 850.00*** |

\* Late Payment Penalty pursuant to 26 U.S.C. § 6651(a)(2)
\*\* Late Filing Penalty pursuant to 26 U.S.C. § 6651(a)(1)
\*\*\* Penalty for not Prepaying Tax

  8. Notice of the assessments described in paragraph 7 and demand for payment were duly made as provided by law. Notwithstanding this, defendants have failed to make full payment of these assessments, and $226,400.81 remains due and owing as of June 30, 2010, including statutory additions. Interest and all statutory additions continue to accrue as provided by law.

  WHEREFORE the plaintiff, United States of America, respectfully requests that this Court grant the following relief:

  A. Enter judgment in favor of the United States and against Becky and William R. Moses for unpaid joint federal income tax liabilities for the tax years 1992, 1993, 1994, and 1999 in the amount of $226.400.81 as of June 30, 2010;

  B. Grant the United States its costs in this action, and such other and further relief as justice requires.

Dated: July 12, 2010

                          JOHN A. DiCICCO
                          Acting Assistant Attorney General

By:     /s/ William E. Farrior
           William E. Farrior
           Okla. Bar No. 22137
           Trial Attorney, Tax Division
           U.S. Department of Justice
           Post Office Box 14198
           Ben Franklin Station
           Washington, D.C. 20044-4198
           Telephone: (202) 616-1908
           Facsimile: (202) 514-9868
           William.E.Farrior@usdoj.gov

Of Counsel:

LEURA GARRETT CANARY
United States Attorney