IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-594-WKW [WO] |
| | ) | |
| BECKY MOSES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff United States's Motion for Summary Judgment and Memorandum of Law, which is accompanied by an evidentiary submission.  (Doc. # 17.) No response was filed by Defendants in accordance with the deadline established in the General Briefing Order.  (Doc. # 12.)  The court nonetheless conducted an independent review of the record consistent with the familiar standard governing summary judgment. Having done so, the court finds that the United States's Motion for Summary Judgment is due to be granted.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction over this action is proper pursuant to 26 U.S.C. § 7402(a). The parties do not contest personal jurisdiction and venue, and the court finds adequate allegations in support of both.

## II.  STANDARD OF REVIEW

On summary judgment, the facts and inferences must be viewed in the light most favorable to the non-movant.  *See United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.").  "Thus, the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."  *One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d at 1101.  The court, however, "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials."  *Id.*

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating

2

there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); Fed. R. Civ. P. 56(c). When the nonmovant fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

## III. BACKGROUND

On July 13, 2010, the United States timely commenced this action against Defendants Becky Moses and William R. Moses to reduce to judgment unpaid federal tax assessments for taxes, penalties and interest.[1] (Compl. (Doc. # 1).) The evidence, construed in the light most favorable to Defendants, is as follows.

Defendants have unpaid federal tax liabilities for tax years 1992, 1993, 1994 and 1999. The Certificates of Assessments, Payments, and Other Specified Matters (Forms

---

[1] The ten-year statute of limitations was tolled for a portion of the time that Defendants' offer-in-compromise was pending, thereby rendering the filing of this action timely. *See* 26 U.S.C. §§ 6502, 6503, 6331(k); (*see also* U.S.'s Mot. Summ. J. 5-6.)

4340), attached to the United States's Motion for Summary Judgment, reflect the amounts of the assessments subject to collection from Defendants for the tax years at issue.  (Forms 4340 (Exs. to Doc. # 17).)  A delegate of the Secretary of Treasury assessed the income tax liability reported on Defendants' joint tax returns, along with penalties and interest.  (John Armstrong Decl. ¶ 3 (Ex. to Doc. # 17).)  Notice of these assessments has been given to Defendants, and demand for payment has been made as provided by law.  (Armstrong Decl. ¶ 5.)  Defendants have failed, however, to make full payment of the assessed taxes and penalties.  (Armstrong Decl. ¶ 6.)  Additionally, fees, interest and all statutory additions thereafter provided for by law have accrued on the assessed amounts and will continue to accrue until the liabilities are paid in full.  (Armstrong Decl. ¶ 6.)  As of February 4, 2011, Defendants owed the United States $230,746.95, plus fees, interest and all statutory additions.  (Armstrong Decl. ¶¶ 6,8.)  Defendants do not contest the amount owed, but assert that they are paying all they can pursuant to a payment plan set up by the Internal Revenue Service.  (Defs.' Letter (Ex. to Doc. # 17).)

## IV.  DISCUSSION

"In reducing an assessment to judgment, the Government must first prove that the assessment was properly made."  *United States v. White*, 466 F.3d 1241, 1248-49 (11th Cir. 2006).  "The Government's submission of a Form 4340 establishes such a presumption."  *Id.* "Once the Form is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail."  *Id.*

Here, the United States has submitted Form 4340 Certificates of Assessments, delineating Defendants' tax liabilities, penalties and interest assessed for the tax years 1992, 1992, 1993 and 1999.  This submission creates a presumption that the assessments of tax liabilities are valid.  Defendants have produced no evidence to overcome the presumptive validity of the Form 4340 Certificates of Assessments.  Accordingly, they have not created a genuine issue of material fact for trial, and the United States's Motion for Summary Judgment is due to be GRANTED.

## V.  ORDER

For the foregoing reasons, it is ORDERED that the United States's Motion for Summary Judgment (Doc. # 17) is GRANTED.

An appropriate final judgment will be entered.

DONE this 2nd day of May, 2011.

                     /s/ W.  Keith Watkins
            UNITED STATES DISTRICT JUDGE